Board of Supervisors of Franklin Township, Adams County, Pennsylvania, Appellant *v.* J. Kermit Meals, Appellee.

Submitted on briefs, September 12, 1980, to Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

130

*John Wills Beach,* for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 26, 1981:

This case comes before the Court on appeal by the Board of Supervisors of Franklin Township from a decision of the Adams County Court of Common Pleas, invalidating Section 3.03 of the Township Building Permit Ordinance of 1974,[1] which requires a thirty-five foot setback from highway right-of-way lines. The court simultaneously ordered the township to grant the requested building permit to the land-owner, J. Kermit Meals.

In May, 1979, Meals applied to the Building Enforcement Officer for a permit to build a garage within ten feet of the thoroughfare right-of-way, propounding the extreme grade of his property as the reason for the variance request. The enforcement officer denied the permit application, advising Meals

[1] Section 3.03 provides:

No building or part thereof shall be erected nearer than thirty-five (35) feet to any street right-of-way line except that no building need have a set back ergater than the average of the two existing buildings with the greatest setbacks located within two hundred (200) feet on each side of the said proposed building on the same side of the street.

that he had no discretion to issue a permit for a plan which does not conform to all the requirements of the ordinance. In the same letter Meals was further advised that he had "the right to a hearing on this question under the Local Agency Law,"[2] which he did subsequently request. After the hearing, the Township Board of Supervisors affirmed the decision of the enforcement officer.

Meals then filed a timely notice of appeal with the Adams County Court of Common Pleas pursuant to 2 Pa. C. S. 752, in which, for the first time, he challenged the constitutionality of the pertinent section of the ordinance. The court heard argument on behalf of both parties, and, without taking further testimony, declared the ordinance invalid, sustaining the appeal.

Thereafter, the township appealed to this Court, raising two questions. Substantively, the township broadly assigned as error the determination of the lower court that the ordinance in question is invalid. Procedurally, the township took issue with the propriety of any ruling on the constitutionality of the ordinance, since that question was first raised in the appeal from the Board of Supervisors to the common pleas court, rather than before the Board. Both issues are ultimately rooted in the same underlying dilemma; nowhere in the procedural development of this case has anyone taken a definitive stand on what body of law this case involves.

The documents in this case are replete with zoning terminology and concepts, although the enactment in question is, by title, a portion of a building permit ordinance. The procedure which Meals used to challenge the denial of the permit presumes that the ordinance is a building ordinance, as does the initial advice of the township that Meals' rights emanate from the Local Agency Law. As the action proceeded to the

[2] 2 Pa. C. S. 751 et seq.

appellate level, the township argued that Meals' case is procedurally defective because he failed to challenge the constitutionality of the ordinance before the Board; therefore the lower court had no evidence on the record upon which to base a finding of invalidity.

In this argument, the township is erroneously presuming that Meals' attack on the ordinance is the traditional 'reasonable relationship to health, safety, and welfare' approach. In fact, Meals is questioning the authority of the township to enact a law which regulates a zoning principle, but does not contain the procedural safeguards mandated by the Pennsylvania Municipalities Planning Code (MPC).[3]

His contention is as follows. The township invalidly enacted the ordinance under the authority granted to it by the enabling provisions of the Second Class Township Code[4] from which it cannot legally derive the power to zone. The right to zone is authorized by the MPC, which limits zoning enactments to the extent that they must contain standard procedural steps to protect the rights of those affected by zoning restrictions. Since this ordinance does not provide such, it is an invalid exercise of that power.

This Court addressed a quite similar issue in *Board of Supervisors of Upper Frederick Township v. Moland Development Co.*, 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975), in which we stated, in reference to the enabling clauses of the Second Class Township Code:

> We will not stretch the language of these basic enabling clauses dealing with health, fire prevention, sanitation and building lines to permit what the lower court found to be, and what we agree are, essentially zoning regulations. Mini-

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 *et seq.*

[4] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65750 *et seq.*

mum lot size, *set back,* side and rear yard, accessory uses, special exception and variance . . . are all zoning concepts. They are not proper areas for regulation, however, unless the statutory safeguards of zoning laws are provided. (Emphasis added.)

*Id.* at 211, 339 A.2d at 143.

It is clear that the enactment with which we are presently confronted is a zoning ordinance. It is equally clear that the statutory safeguards, *i.e.* application to a zoning officer and potential review by a zoning hearing board, are not part of this ordinance.

Having made that determination, we ask: Is a de facto zoning ordinance, enacted after the promulgation of the MPC, which fails to provide those procedural safeguards required by the MPC, a valid exercise of the township's power to zone? Clearly not. A zoning ordinance, no matter what its designation, must comport with the legislative imperatives of the MPC. *See* Comment to Section 103, "The Code is comprehensive as to zoning matters. . . . [T]he practical effect of the last sentence of §303 (sic) is to leave the Code as the exclusive source of law for all matters which it covers." Ryan, Zoning §2.2 (1970 and Supp. 1979).

The landowner raised just that issue before the lower court, in Paragraph 6(c) of his Notice of Appeal. Proceeding under the Local Agency Law, which the township had advised him was his avenue of recourse, he attempted to challenge the constitutionality of a defective municipal enactment—a zoning ordinance masquerading as an "Additional Administrative Requirement," appended to a building permit ordinance. This specific challenge raised issues not of fact, but of law, not requiring further testimony as the township has argued, but rather an elucidation of the interplay between the MPC and the Second Class Township Code.

The Common Pleas Court disregarded this Court's decision in *Upper Frederick* when it circumvented the effect of this interplay on the enactment of zoning regulations. The lower court acknowledged that 53 P.S. §65753[5] had been incorporated into the MPC by virtue of Section 103 of the MPC, 53 P.S. §10103:

> The provisions of other acts relating to municipalities and townships are made a part of this act and this code shall be construed to give effect to all provisions of other acts not specifically repealed.

It went on to cite *Middletown Township v. Delaware County Institution District,* 450 Pa. 282, 299 A.2d 599 (1973) as indicating that certain provisions of the Second Class Township Code have previously been incorporated into the Municipalities Planning Code by judicial construction. However, there the lower court stopped, turning to the old familiar "reasonableness" standard.

Extrapolating from the groundwork well laid by the lower court, we hereby hold that an ordinance which regulates a zoning principle, but does not contain the procedural safeguards mandated by the MPC is invalid on its face. *See Upper Frederick.* Once this has been acknowledged, the reasonable and rational relationship of the ordinance to public health, safety and morals is surplusage, and need not be addressed.

### Order

And Now, this 26th day of February, 1981, the December 7, 1979 order of the Court of Common Pleas of Adams County at No. 79-S-335 is affirmed.

---

[5] Added by Section 8 of the Act of May 24, 1951, P.L. 370, it reads as follows:

> *Building lines:* To establish, by ordinance, and maintain, uniform building lines upon any or all public streets or highways of the township.