City of Sunbury, Sunbury City Police Pension Commission and Sunbury City Council, Appellants v. Clem P. Karpinski, Jr., Appellee.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*E. Eugene Brosius,* for appellants.

*Robert L. Walsh,* with him *Leonard R. Apfelbaum, Apfelbaum and Walsh,* for appellee.

OPINION BY JUDGE BLATT, December 22, 1982:

The appellants, the City of Sunbury, the Sunbury City Police Pension Commission, and the Sunbury City Council (City) appeal here from an order of the Court of Common Pleas of Northumberland County granting the petition of the appellee (Karpinski) for mandamus.[1]

---

[1] Appellants appeal from the grant of Karpinski's claim for accrued benefits from the Police Pension Fund plus interest which

Karpinski, the Chief of Police of the City of Sunbury, was arrested on April 3, 1978 and charged with theft by failure to make proper disposition of parking meter money belonging to the City. On the same day he was suspended without pay, pending a hearing by Council. One day prior to the hearing, scheduled for June 2, 1978, he tendered his immediate resignation and requested that his "vested" rights in the Police Pension Fund (Fund) be awarded promptly. Approximately ten days later, City Council voted that Karpinski be dishonorably discharged without pension or retirement benefits, and he was so notified.

The issue before us is whether or not the honorable discharge requirement in the Sunbury Police Pension Fund Ordinance (Ordinance) is in accord with the enabling act, set forth in The Third Class City Code[2] (Code). It is well settled, of course, that an ordinance must be in conformity with the provisions of the enabling statute. *Genkinger v. City of New Castle*, 368 Pa. 547, 84 A.2d 303 (1951). And, as our Supreme Court has recognized:

> Neither municipalities nor school districts are sovereigns; they have no original or fundamental power of legislation. . . . They have the right and power to enact only those legislative . . . ordinances or resolutions which are authorized by an Act of the Legislature; and if such ordinance or resolution is unauthorized or conflicts with the enabling statute or with some of its provisions it is in that respect or to that extent void.

---

had accrued while the City maintained control of the Fund, as well as a claim for damages for additional interest which he was required to pay as a result of the loss of his pension payments.

[2] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§35101-39701.

*Allentown School District Mercantile Tax Case,* 370 Pa. 161, 171, 87 A.2d 480, 484 (1952).

Section 37-5 of the Sunbury Police Pension Fund Ordinance provides in pertinent part:

> Every member of the Police Force of the City of Sunbury who shall have been employed by said force for a total of twenty (20) years shall be entitled to be retired from active duty, *and if honorably discharged therefrom,* shall, upon the determination of City Council receive from the Pension Commission a retirement allowance .... (Emphasis added.)

The enabling act, found at Section 4301 of the Code, 53 P.S. §39301, provides guidelines for establishing local police pension funds as follows:

> Police pension fund; direction of

> Cities shall establish, by ordinance, a police pension fund, . . ., *for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of age or disability,* surviving spouses or if no spouse survives or if such person survives and subsequently dies or remarries, then to the child or children under the age of eighteen years, of members of the police force or of members retired on pension; but such allowances as shall be made to those who are *retired by reason of the disabilities of age* shall be in conformity with a uniform scale, together with service increments as hereinafter provided. . . . (Emphasis added.)

Another applicable statutory reference is found in Section 4302 of the Code, 53 P.S. §39302, and provides as follows:

> Retirement; final discharge

Such ordinance shall prescribe a minimum period of continuous service, not less than twenty years, and, when any minimum age is prescribed, a minimum age of fifty years, *after which members of the force may retire from active duty,* and such members *as are retired* shall be subject to service, from time to time, as a police reserve until unfitted for such service, when they may be *finally retired by reason of age or disability.* . . . (Emphasis added.)

In addition, Section 4304(a) of the Code, 53 P.S. §39303(a) provides in pertinent part:

The basis of the apportionment of the pension shall be determined by the rate of monthly pay of the member at the time of *injury, death, honorable discharge or retirement,* . . . (Emphasis added.)

As set forth by Section 1921 of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921(a), a statute shall be construed, if possible, to give effect to all of its provisions. Furthermore, when interpreting a statute, it may be presumed that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. Section 1922 of the Act, 1 Pa. C. S. §1922(1).

In applying these rules of statutory construction we are unable to accept the City's argument that only one section of the Code should be considered, that section being 4301. It is clear that Section 4302 of the Code refers to those who are *retired* by reason of the disabilities of age, and that Section 4303 of the Code refers to the rate of monthly pay of the member at the time of injury, death, *honorable discharge* or *retirement.* We note that the phrase "honorable discharge is used in the disjunctive, and, if we accepted the City's argument that only upon honorable dis-

charge is one entitled to receive a pension, a police officer who merely *retired* at the end of his career with the police department would not be entitled to receive a pension. We are certain, however, that the General Assembly did not intend such an absurd and unreasonable result.

Moreover, in order for the Ordinance's honorable discharge requirement to be a valid prerequisite to the vesting of rights in the fund, it must not conflict with the enabling statute, *Genkinger,* and, to the extent that it does conflict with either the enabling statute *or with some of its provisions,* it is *in that respect or to that extent void. Allentown School District Mercantile Tax Case.*

Our review of the Ordinance and of the applicable sections of the Code has led us to conclude that the honorable discharge requirement of the Ordinance is in conflict with Sections 4302 and 4303 of the Code, and that to that extent, the honorable discharge provision must be held to be void. Karpinski's rights in the pension plan, therefore, vested when he fulfilled the *other* requirement of the Ordinance, *McBride v. Allegheny County Retirement Board,* 330 Pa. 402, 199 A. 130 (1938). We are not implying that the legislature could not have required an honorable discharge or faithful service as a prerequisite to the vesting of rights in a pension fund, but that the legislature did not clearly and appropriately express such an intent. As our Supreme Court recently stated, "if the legislature intended faithful service to be a prerequisite to receipt of retirement benefits, it could have, and *should have, used appropriate language to express this intent". Bellomini v. State Employees' Retirement Board,* Pa. , 445 A.2d 737 (1982) (emphasis added). And, in pension cases, such plans should be liberally construed in favor of the em-

ployee. *Levitt v. Billy Penn Corporation*, 219 Pa. Superior Ct. 499, 283 A.2d 873 (1971).

We believe, therefore, that Karpinski's rights vested after 20 years of service, and that the Court of Common Pleas of Northumberland County correctly granted his claim for accrued benefits, with interest and damages.

ORDER

AND Now, this 22nd day of December, 1982, the Order of the Court of Common Pleas of Northumberland County in the above-captioned matter is hereby affirmed.