568 A.2d 746

**Louise Dickey STOLZ, Appellant,**

v.

**ZONING HEARING BOARD OF the BOROUGH OF LEWISBURG, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided Jan. 11, 1990.

Petition for Allowance of Appeal Denied
June 12, 1990.

Martin R. Wilson, Wilson & Wilson, Lewisburg, for appellant.

Louise O. Knight, Lewisburg, for appellee and intervenor-appellee, Zoning Hearing Bd. of Borough of Lewisburg and the Borough of Lewisburg.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of Louise Dickey Stolz from an order of the Court of Common Pleas of Union

County which affirmed a decision of the Zoning Hearing Board of the Borough of Lewisburg (Board) denying Stolz' variance request. We affirm.

Stolz is the owner of a lot containing 10,395 square feet in an area zoned Residential–Town (R–T). A four unit, low-rise apartment building is located on the southeast corner of the lot.

The genesis of the problem lies with Stolz' request to subdivide her property into two lots: Lot 1, which contains 5,775 square feet, and Lot 2, which contains 4,620 square feet and on which the existing apartment building is located. The stated purpose of the subdivision is to enable the erection on Lot 1 of a single-family home. For lots zoned R–T, the Lewisburg Borough zoning ordinance requires a minimum building lot size of 5,197 square feet for a single-family home such as that proposed for Lot 1, and 6,928 square feet for a four-unit apartment building (four units times 1,732 square feet per unit) such as that which is presently on Lot 2. Therefore, in order to carry out the proposed subdivision, Stolz requires a variance of 2,308 square feet from the minimum lot size requirement (6,928 square feet required; 4,620 square feet proposed; hence, 2,308 square foot variance, needed).

Stolz' initial submission of plans to subdivide her property was made to Lewisburg Borough Council in 1982. The plan was approved by the Union County Planning Commission on April 2, 1982, and by Borough Council on April 20, 1982.[1] However, Stolz never recorded the approved plan as required by Section 513 of the Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10513 (plan must be recorded within ninety days of approval), or by Section 7 of the Borough zoning ordinance (thirty days).

1. It appears from the minutes of the April 20, 1982 Council meeting that both Council and the Planning Commission were aware that the proposed Lot 2 was undersized, but that neither found the deficiency fatal to an approval of Stolz' plan.

Subsequent to Borough Council's approval of Stolz' plan, Stolz' sister and brother-in-law, Anna and David McDowell, who planned to purchase Lot 1 from Stolz, applied to the Board for *a variance from the rear yard set back and impervious coverage requirements* for a single-family dwelling *on Lot 1.* The Board granted the McDowell's request on June 24, 1982.

Thereafter, no further action was taken by any party until November 3, 1987, when Stolz petitioned the Board for a variance from the minimum lot size requirements *for Lot 2.* Following a December 1, 1987 hearing, the Board denied the variance request and concluded that Stolz failed to show that unique physical circumstances or conditions existed such as to create an unnecessary hardship or prevent development of her property in conformity with the zoning ordinance. The Board also concluded that neither the Borough Council's 1982 approval of the subdivision plan, nor the Board's 1982 grant of a variance to the McDowells, operated as res judicata on the Board's current deliberation.

Stolz appealed to the common pleas court and challenged, *inter alia,* the jurisdiction of the Board over her variance application.[2] The parties stipulated that the Court should first resolve Stolz' jurisdictional challenge. Following argument, the court by opinion and order dated July 12, 1988 held that the Board had jurisdiction to consider the variance request, and that it would not receive additional evidence in the case but would base its decision upon the record made before the Board. Stolz appealed to this Court, which, by a per curiam order dated August 25, 1988, dismissed that appeal as interlocutory.

Thereafter, Stolz filed with the common pleas court a motion for consideration of additional evidence, which consisted of additional documents relevant to Borough Council's 1982 approval of Stolz' subdivision plan. The court granted this motion in order to complete the record made before the Board. No hearing was held nor was any

---

2. At this point, Lewisburg Borough intervened in support of the Board's decision, and is now before this Court as intervenor-appellee.

additional testimony taken, and the parties submitted briefs for the court's consideration. By opinion and order dated May 22, 1989, the court affirmed the Board's denial of Stolz' variance request.

On appeal, Stolz presents five issues for our review. We will first consider Stolz' fourth assignment of error, to wit, that the common pleas court should have conducted a de novo hearing instead of relying on the record produced by the Board because the court admitted additional evidence.

It is well settled that the receipt of any additional evidence requires the court to hear the matter de novo. *Board of Supervisors of Upper Merion Township v. Wawa, Inc.*, 95 Pa.Cmwlth. 263, 505 A.2d 645 (1986). The common pleas court, however, concluded that because the additional documents offered by Stolz were introduced merely to complete the record made before the Board, it would be improper for the court to hear the case de novo and substitute its judgment for that of the Board. While we find the lower court's reasoning interesting, we need not make that distinction in this case because the court also wrote that, even had it considered the case de novo, its ruling would have been the same. Therefore, because the court decided the case for alternative reasons, its failure to treat the matter as de novo is harmless error and we need not remand for a de novo hearing. *Cf. Lewis v. Department of Health*, 63 Pa.Cmwlth. 148, 437 A.2d 811 (1981) (where only one of four instances of misconduct is supported by substantial evidence and the Civil Service Commission based its affirmance of dismissal on all four instances, case will be remanded where the Commission failed to decide in the alternative that any of the four instances standing alone justified dismissal).

We now address Stolz' four remaining issues. She first contends that the Board did not have jurisdiction to hear the variance request because it arose in the context of a subdivision approval, which issue would not be within the jurisdiction of a zoning hearing board to determine. In effect,

Stolz is arguing that the Board did not have jurisdiction to hear the variance request that she herself filed.

In *Bluebell Associates v. Township Engineer for Whitpain Township*, 45 Pa.Cmwlth. 599, 405 A.2d 1070 (1979), we held that Sections 603 and 912 of the Code, 53 P.S. §§ 10603 and 10912,[3] confer jurisdiction to hear variance issues exclusively upon the zoning hearing board, and not upon the governing body. *See also McCandless Township v. Beho Development Corp.*, 16 Pa.Cmwlth. 448, 332 A.2d 848 (1975) (the granting of variances is exclusively a function of the zoning hearing board). However, Stolz claims that because the Borough subdivision ordinance incorporated by reference the lot requirements of the zoning ordinance, and because the subdivision ordinance grants Borough Council the power to deviate from the requirement of the subdivision ordinance, the Borough Council is thereby empowered to grant a variance in the context of a subdivision application.

We disagree. The fact that the minimum lot size requirements of the zoning ordinance have been incorporated into the subdivision ordinance does not change the nature of these requirements. They are clearly zoning concepts. *Board of Supervisors of Franklin Township v. Meals*, 57 Pa.Cmwlth. 129, 426 A.2d 1200 (1981); *Board of Supervisors of Upper Frederick Township v. Moland Development Co.*, 19 Pa.Cmwlth. 207, 339 A.2d 141 (1975). Our decisions in *Bluebell Associates* and in *Beho Development* make it equally clear that the granting of variances from these requirements is the province of the zoning hearing board.[4] Moreover, the ordinance of a local municipality could not, of course, contravene a legislative enactment.

**3.** Section 912 has since been repealed by Section 90 of the Act of December 21, 1988, P.L. 1329. However, Section 89 of the Act of December 21, 1988 amended the Code by adding Sections 910.1 and 910.2, 53 P.S. §§ 10910.1, 10910.2, which contain provisions substantially similar to those of Section 912.

**4.** We are constrained to note that neither Stolz nor the McDowells had any such qualms regarding the Board's jurisdiction to hear variance requests in a subdivision context when in 1982 the McDowells applied for and were granted the variance for Lot 1.

*City of Sunbury v. Karpinski,* 70 Pa.Cmwlth. 473, 453 A.2d 1062 (1982).

▮ Stolz next contends that the Board erred by finding that Borough Council did not have authority to approve the identical subdivision plan in 1982 and that there was no record of approval of lot size in the 1982 plan. The "finding" that Stolz complains of is actually a summarization of the testimony of the Borough zoning officer, the relevant portions of which are as follows:

> Mr. Hovey [the zoning officer] commented that the prior action of the Borough Council was in error in that it never had any authority to approve the subdivision without a variance of the minimum lot size having been granted by the Lewisburg Borough Zoning Hearing Board.... However, there is no record of [Stolz] having applied for a variance of minimum lot size nor was any prior approval given for a variance of minimum lot size with respect to the property in question.

With regard to the authority of Borough Council to approve Stolz' subdivision plan, that issue is clearly a question of law and, as such, reviewable by this Court. Section 508 of the Code, 53 P.S. § 10508, provides that subdivision plans shall be approved by the governing body. That Section does not, however, provide that the governing body may grant variances from minimum lot sizes contained in the zoning ordinance nor, as we decided *supra,* do the provisions in the Borough zoning ordinance provide such powers. Therefore, we believe that the 1982 approval of Stolz' subdivision plan by Borough Council, without the Board having approved a variance from the minimum lot size requirements, was improvidently granted. As to the question of whether Stolz applied for a variance from the minimum lot size requirements in 1982, it is clear from the record that neither Stolz nor the McDowells applied for a variance *from the minimum lot size requirements* for either Lot 1 or Lot 2 at that time. Further, the brief mention in Borough Council minutes of the size deficiency of Lot 2 prior to Council's approval of Stolz' subdivision

plan does not amount to the necessary approval of the substandard lot by the Board.[5] As such, we detect no error on this issue.

Stolz' third assignment of error is that the Board erred as a matter of law when it concluded that the 1982 approval of Stolz' subdivision plan did not involve the subject of lot size and did not serve to activate the doctrines of res judicata or stare decisis. First, as we noted *supra*, the brief mention of Lot 2's substandard size in Borough Council minutes does not support a finding that the 1982 approval of Stolz' subdivision included approval of a variance from the minimum lot size requirements.

Second, with regard to the effect of the 1982 approval of Stolz' subdivision plan, we note as a threshold matter that the doctrine of res judicata would apply only if the 1982 approval was legally valid. For the reasons already stated, the legality of the approval in this case is at best questionable. Further, we do not see how Stolz can rely on the 1982 plan approval because, as we noted *supra*, she failed to record the plan as required by the Code and by the Borough zoning ordinance.

Third, even assuming *arguendo* that Stolz does not face these impediments, it is well settled that res judicata will be applied only sparingly in zoning cases. *Bell v. Zoning*

5. As the Board and the Borough point out at page 16 of their brief:
   If one looks at the Borough Council minutes from the 1982 meeting (R. 108a) in conjunction with the subdivision application (R. 110a), the only deficiency noted at the meeting with respect to the subdivision plan appears to be with respect to the parking. Line 4 of the middle section of the application, which is dated April 2, 1982 (R. 110a), shows a comment by the County Planning Commission Planning Director representative as follows:
   'Lot No 1 will be adequate for a single family dwelling; however, will lot 2 be able to provide the necessary parking?'
   No mention is made of any problem with the square footage of lot 2. The Borough Council minutes for the meeting of April 20, 1982 (R. 108a) show comments by Council Member Gray as follows:
   'The two lots when they are subdivided, one of them doesn't meet the standard but it has enough space that they could provide off-street parking is [sic] it were necessary. And, I believe, the Planning Commission decided that the discrepancy was not sizable enough.'

*Board of Adjustment of the City of Pittsburgh,* 84 Pa. Cmwlth. 347, 479 A.2d 71 (1984). For the doctrine to apply, there must be a concurrence of four conditions in the prior and subsequent proceedings: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity in the capacity of the parties suing or being sued. *Id.*

Stolz clearly fails to meet these criteria because the cause of action and relief sought are not the same. In 1982, Stolz sought subdivision approval from Borough Council and the McDowells sought a variance from the Board from the rear yard and impervious cover requirements for Lot 1. Neither sought the relief requested by Stolz from the Board in the instant case, *i.e.,* a variance from the minimum lot size requirements for Lot 2, and the issues raised by the instant appeal are entirely different from those raised in a subdivision approval.

■ We likewise reject Stolz' argument that we should apply the doctrine of stare decisis. That doctrine simply declares that, for the sake of certainty, a conclusion reached by a court in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different. *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 100 A.2d 595 (1953). Further, "[w]hile the holdings of the Courts of Common Pleas should not be passed over lightly by appellate courts, they do not *bind* [this Court]. Nor does the subsequent refusal to hear appeal by the Supreme Court ... elevate the decision of the court below to that position." *Burgoon v. Zoning Hearing Board of Charlestown Township,* 2 Pa.Cmwlth. 238, 243, 277 A.2d 837, 840–41 (1971) (emphasis in original) (citation omitted).[6]

6. The latter part of the above quote refers to former Supreme Court Rule 68½, found at 416 Pa. xxv (1964), which allowed the Supreme Court to grant certiorari from the trial court where a right of appeal was not otherwise provided. *Burgoon* thus asserted that the high court's refusal to hear an appeal of a common pleas court decision under Rule 68½ did not serve to bind this Court with regard to that lower court decision.

However, we do not, in the instant case, have before us a previous decision on this matter by any appellate court. Rather, it is the 1982 subdivision approval by Borough Council on which Stolz seeks to rely. Based on our discussion *supra*, it is clear that stare decisis is not a legal principle that is applicable in this case.

Stolz' final argument is that the common pleas court abused its discretion when it held that the Board's finding, that the 1982 approval of the identical subdivision plan was improper because there was no record of a prior approval of a variance from the minimum lot size requirements for Lot 2, was supported by substantial evidence. As we noted *supra*, this particular "finding" is not a finding of fact, but is instead a summary of the zoning officer's testimony. Further, we have already held that the brief mention of the deficient size of Lot 2 in the Borough Council minutes did not support a finding that the plan approval included a variance from the minimum lot size requirements, and it should be clear by now from our discussion that Borough Council had no power to grant such a variance. Therefore, the common pleas court did not commit an abuse of discretion.

Accordingly, having found the arguments presented by Stolz unpersuasive, we affirm the order of the common pleas court.

### ORDER

NOW, January 11, 1990, the order of the Common Pleas Court of Union County in the above-captioned matter is affirmed.