634 A.2d 1159

David S. ANNAND

v.

BOARD OF SUPERVISORS OF FRANKLIN TOWNSHIP,
CHESTER COUNTY, Pa., Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Nov. 22, 1993.

Reargument Denied Jan. 31, 1994.

D. Barry Gibbons, for appellant.

Ross A. Unruh, for appellee.

Before CRAIG, President Judge, SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

The Board of Supervisors of Franklin Township (Township) appeals from the order of the Court of Common Pleas of Chester County (trial court) reversing the Township's rejection of a final subdivision plan submitted by David S. Annand (Annand). The novel issue presented in this case is whether a court-ordered deemed approval of a preliminary subdivision plan pursuant to Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC) [1] results in a required approval of the final subdivision plan thereby allowing development which does not conform to the Township zoning ordinance.

The trial court reversed the Township's rejection of the final plan and determined that the necessary zoning variances were granted by the court when it granted the deemed approval. Although we affirm the order of the court granting approval of the final subdivision plan, we note that we do not agree with the trial court's determination that approval of the preliminary plan amounted to a grant by the court of any necessary zoning variances.[2]

## FACTS

Annand is the owner of a 61.512 acre parcel of land located in Franklin Township. In 1986, he filed a preliminary subdivision plan and an application seeking approval to subdivide his property into 30 lots. When the Township failed to provide

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(3).

2. Where, as here, the trial court did not take any additional evidence, our scope of review is limited to determining whether the governing body committed a manifest abuse of discretion or an error of law. *McClimans v. Board of Supervisors, Shenango Township,* 107 Pa.Commonwealth Ct. 542, 544, 529 A.2d 562, 564 (1987).

Annand with notice of its decision to reject his preliminary plan, Annand filed a complaint in mandamus seeking deemed approval of his plan pursuant to Section 508(3) of the MPC.[3] The Honorable J. Curtis Joyner granted the relief sought by Annand and ordered that the Township approve Annand's preliminary plan application. No one appealed Judge Joyner's mandamus order.

Annand then filed a final subdivision plan, which all parties agree was essentially the same as the preliminary plan but for the addition of engineering details not found in the preliminary plan. The Township rejected the final subdivision plan, stating that it did not conform to the township's zoning ordinance. On appeal to the trial court, President Judge Wood reversed the Township's rejection and approved Annand's final subdivision plan.

## ISSUES

The Township argues (1) that the approval or rejection of subdivision plans is the duty of its governing body, the Board of Supervisors; (2) that the granting of variances, however, under *McCandless Township v. Beho Development Corp.*, 16

3. All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed, provided that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90–day period shall be measured from the 30th day following the day the application has been filed.

. . . .

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

53 P.S. § 10508(3).

Pa.Commonwealth Ct. 448, 332 A.2d 848 (1975) is within the exclusive province of the zoning hearing board, a separate quasi-judicial body; and, (3) that requiring the Board of Supervisors to approve a final plan which does not conform to the zoning ordinance would divest the zoning hearing board of its exclusive jurisdiction over the granting of variances.

The Township also relies on this Court's opinion in *Stolz v. Zoning Hearing Board,* 130 Pa.Commonwealth Ct. 458, 568 A.2d 746, *petition for allowance of appeal denied,* 525 Pa. 615, 577 A.2d 546 (1990), as support for its proposition that an applicant cannot avoid variance approval or circumvent the zoning hearing board. *Stolz* involved a landowner who received Borough Council approval of her two-lot subdivision plan. One of the two lots failed to comply with the zoning ordinance minimum lot size requirements and the zoning hearing board refused to grant a variance. In *Stolz,* we stated that "Section 508 of the Code, 53 P.S. § 10508, provides that subdivision plans shall be approved by the governing body. That Section does not, however, provide that the governing body may grant variances...." 130 Pa.Commonwealth Ct. at 464, 568 A.2d at 749. We affirmed the zoning board's denial of the variance.

Annand argues that, under Section 508(3), the deemed approval of the preliminary plan "in terms as presented" requires that the final plan be approved without the necessity of variances. He contends that the "terms presented" by him included the road and lot layout, for which variances are allegedly required, and that any deviations from the zoning ordinance became irrelevant. It is Annand's contention that the Township's interpretation of Section 508 would emasculate that section's remedy and result in a collateral attack upon an order of the trial court.

## DISCUSSION

We agree with Annand's argument that the Township erred in rejecting the final plan after the preliminary plan had been deemed approved. To be approved, the final plan needed only to be the same plan as the deemed-approved prelimi-

nary plan with the additional engineering details required by the subdivision ordinance.[4] The final plan met this requirement and it should have been approved by the Board of Supervisors. Therefore, we affirm the trial court's order approving the final plan. However, our inquiry does not end there.

■ Annand also contends that the unappealed deemed approval order of April 17, 1990 of Judge Joyner directing the Township to approve the preliminary plan "as presented pursuant to 53 P.S. § 10508(3)" included all of the necessary zoning variances.

On this issue, President Judge Wood of the trial court stated:

Annand received a 'deemed approval' of his preliminary subdivision plan via Judge Joyner's Order of April 17, 1990 because the municipal authorities failed to act in a timely manner as required by § 508 of the Municipalities Planning Code (MPC). This plan included the necessary zoning variances. Thus it was the Court, not the Zoning Hearing Board or the Board of Supervisors which granted the necessary variances to the preliminary plan. To reject the plan now would emasculate MPC § 508, and set at naught an Order of this Court.

Trial Court Opinion at 3–4.

The difficult question is whether an applicant whose plan is *deemed* approved under Section 508 receives a broader approval than an applicant, who, as in *Stolz*, receives a *vote* of approval by the municipal governing body. We think not. We hold that in either a deemed approval or an approval by vote, under the subdivision requirements of Article V of the MPC, the approvals granted are only those which relate to the matters which are authorized to be regulated under Article V of the MPC, i.e. subdivision and land development matters.

4. "[W]hen a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided." 53 P.S. § 10508(4)(i). (The "hereinafter" provisions relate mostly to time deadlines for completion of the proposed subdivision).

(See e.g. Sections 501 and 503 of the MPC, 53 P.S. §§ 10501 and 10503, for an enumeration of the authorized subdivision and land development powers).

In contrast, in Planned Residential Developments under Article VII of the MPC, the Legislature did grant to the governing body of the municipality the power to permit deviations from the strict zoning and other regulations otherwise applicable to subdivisions under Article V. For example, Section 705(h) of the MPC provides as follows:

The standards applicable to a particular planned residential development may be different than or modifications of, the standards and requirements otherwise required of subdivisions authorized under an ordinance adopted pursuant to Article V, provided, however, that provisions adopted pursuant to this article shall set forth the limits and extent of any modifications or changes in such standards and requirements in order that a landowner shall know the limits and extent of permissible modifications from the standards otherwise applicable to subdivisions.

53 P.S. § 10705(h).

Also Section 707(3) of the MPC provides as follows:

All planning, *zoning* and subdivision matters relating to the platting, use and development of the planned residential development and subsequent modifications of the regulations relating thereto, to the extent such modification is vested in the municipality, shall be determined and established by the *governing body* or the planning agency.

53 P.S. § 10707(3) (Emphasis added).

In regulating subdivision and land development planning under Article V, however, the Legislature did not grant this same modification power to the governing body.

The Township argues that the final plan violates several sections of the Franklin Township Zoning Ordinance. These sections include Section 403.2B, concerning lot widths at building lines, Section 1104.1 C.1, regarding dwelling units in the Low Intensity Slope Districts, Section 1105(E), concerning streets in the Slope Conservation District, and Section 1212.3,

which describes the Lot Averaging Option. Ammand argues that 30 lots are permitted. The Township contends that only 27 are allowed.

Because these specific issues were not argued in this appeal, we decline to address the merits of whether or not the zoning ordinance is violated in any of these respects, or, if so, whether a variance is authorized or required. Without seeking variances, it may be possible to correct any perceived zoning deficits by approval of requests to the Board of Supervisors for minor alterations in the plan to bring it into compliance.

In determining that the deemed approval of a preliminary subdivision plan does not include necessary zoning variances, we are applying our holding in *Stolz* to Section 508(3) approvals. We do not believe that a landowner who secures a deemed approval of his subdivision plan pursuant to Section 508(3) receives any greater benefit than one who secures approval directly from the municipality's governing body. To that extent, we disagree with Annand's contention that this limitation of the power of the municipality's governing body will emasculate the remedy of Section 508. The remedies of that section need not be emasculated if the Township expeditiously and reasonably acts on requested modifications (if any) in the final plans which are required to bring it into compliance with the Township's zoning ordinance.

For the above reasons, we affirm the trial court's order reversing the rejection of Annand's final plan and reverse as to the granting of zoning variances.

## ORDER

**AND NOW,** this 22nd day of November, 1993, the order of the Court of Common Pleas of Chester County dated January 20, 1993 at No. 91–06598 is hereby affirmed in part and reversed in part. We affirm the trial court's order as to the subdivision approval and reverse it insofar as the trial court has decided that an effective grant of zoning variances has occurred.