# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Yannone,                             :
                          Appellant         :
                                            :    No.  1563 C.D. 2018
            v.                              :
                                            :    Argued:  September 10, 2019
The Town of Bloomsburg                      :
Code Appeal Board and                       :
The Town of Bloomsburg                      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE McCULLOUGH                                    FILED:  October 2, 2019


        Joseph Yannone (Landowner) appeals from the October 30, 2018 order
of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia
County Branch (trial court), which held that the Shade Tree Commission
(Commission) was permitted to plant a replacement tree along Landowner's frontage
at a location of its choosing with costs to be assessed to Landowner.


## Facts and Procedural History

        The underlying facts of this case are not in dispute and are set forth in
the record.  Landowner is the owner of property located at 53-55 East Main Street,
Bloomsburg, Columbia County, Pennsylvania, where he operates a restaurant.  The
Town of Bloomsburg Code Appeal Board (Board) is an agency of the Town of
Bloomsburg (Bloomsburg).  On April 13, 2017, Landowner filed a Shade Tree

Permit Application with the Commission to remove a tree at his property pursuant to a local ordinance.[1]  Landowner's petition was approved on April 21, 2017.  The permit application was marked approved on the condition that a new tree be replanted within six months.  (Reproduced Record (R.R.) at 2a-19a.)

Despite this condition, Landowner failed to replant a tree within the six-month period as required.  On December 28, 2017, 68 days after the initial six-month period to replant expired, Landowner appealed to the Board, challenging the requirement of replanting the tree.  In his appeal, Landowner cited a litany of reasons as to why the tree should not be planted, including tripping hazards, insect infestations, financial harm to his business, harm to Bloomsburg, dangerous walkways, and damage to the sidewalk.  The Board held hearings on March 27, 2018 regarding the appeal.

Landowner testified on his own behalf before the Board, stating that following the tearing down of the tree, he placed tables and chairs in front of the building to increase his sales.  (Notes of Testimony (N.T.), 3/27/18, at 15-16.) Landowner noted that the missing tree increased his business and, therefore, he did not want to replant it.  (N.T. at 17.)  Instead of planting a tree, the sidewalk was repaired and the tree pit was filled with cement, as the previous tree had caused damage to the sidewalk.  (N.T. at 18.)  Further, he indicated that he believed the tree would eventually be destroyed, that children would climb it, and that it could be damaged.  (N.T. at 19.)  Additionally, Landowner believed that the tree was a nuisance, that it attracted bugs and ants, that individuals would permit their animals

---

[1] The removal of a tree is governed by the local Bloomsburg, Pa., Ordinance §25-101 – §25-203 (2017) (Ordinance).  Specifically, section 25-201 of the Ordinance authorized removal. The initial removal of the tree is not at issue in this case.

2

to relieve themselves on the tree without picking it up, that it would destroy the sidewalk, and that it blocked his sign entirely. (N.T. at 21.)

In regards to the damage that the tree was causing his business, Landowner testified that he needed the outside seating for his business to survive in the summer. (N.T. at 22.) He explained that if the tree was replanted in the space from which it was removed he could no longer have the outside seating because it would not be wide enough for individuals, or for those in wheelchairs to pass by. (N.T. at 22-23.) Landowner also admitted that he had knowledge of the tree when he purchased the business and, from 2013 to 2017, operated his business with the tree in front of it. (N.T. at 33.) However, he asserted that he was just "scraping [by]" before the tree was removed. (N.T. at 35.) He insisted that over the summer when students are gone from Bloomsburg, he loses half of his business and needs to put tables outside to compete with the other restaurants in Bloomsburg. (N.T. at 72.) Finally, Landowner testified that "[b]ut then once we was [sic] put the tables and chairs out there, [sic] found out that we did not have to replant it because there's laws protecting business owners, we decided not to replant it." (N.T. at 96.)

The Board presented testimony from Arborist Joseph Mullen. He testified that the issue of not being able to see the business sign was a legitimate concern. (N.T. at 46.) He suggested that it was possible to put a narrow tree at another location on the property, and to prune it regularly, so as not to interfere with the signage. (N.T. at 46-47; 52.)

Ultimately, by decision dated April 19, 2018, the Board concluded that Landowner's failure to replant a tree was a violation of the Ordinance and he was

therefore ordered to replant a tree.[2] Subsequently, Landowner appealed the Board's decision to the trial court. (R.R. at 20a-35a.) Landowner argued before the trial court that the Ordinance provisions resulted in an unreasonable interference with his business and an "unconstitutional lack of criteria to guide the Township in determining whether to require planting of shade trees, leading to 'unbridled discretion' being vested with the Town's code officials, citing [*Bassett v. Borough of Edgeworth Shade Tree Commission* (Pa. Cmwlth., No. 145 C.D. 2016, filed January 24, 2017) (unreported)[3]]." (Trial court op. at 7). Following briefing and oral argument, the trial court issued a decision on October 30, 2018, affirming the Board but modifying the order to allow the Commission to replace the tree at Landowner's cost. (Trial court op. at 1-15; R.R. at 101a-115a.)

The trial court reasoned that section 25-201(E)[4] of the Ordinance requires that the replacement tree be planted in or near the original site. Although it considered Landowner's concerns, the trial court found that, because Landowner had not elected to plant a replacement tree, it was the prerogative of the Commission

---

[2] In his appeal, Landowner expressed his support for the Commission and suggested that he would sponsor another tree planting in a more desirable location other than his property. (R.R. at 22a.)

[3] *Bassett* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[4] Section 25-201(E) provides:

> A condition of permission to remove a tree (§ 25-108(2), "Cost of Planting or Removal of Trees to be Paid by Property Owner") is that the tree shall be replaced in or near the site. Replacements must be in accordance with § 25-203.

4

to replace the tree under section 25-108(3).[5] As a result of Landowner failing to replant the tree himself, the trial court found that he lost the right to choose the location of the new tree. The trial court rejected Landowner's argument that the tree resulted in an unreasonable interference with his business and that there was an unconstitutional lack of criteria to guide Bloomsburg's code officials in determining whether to replant the tree that gave the Township "unbridled discretion." (Trial court op. at 5-7.)

In deciding the constitutional issue, the trial court discussed this Court's decision in *Bassett*, which was referenced by Landowner. The court reasoned that *Bassett* was inapplicable because, unlike *Bassett*, here, the Ordinance contained extensive criteria on the removal and replanting of shade trees. In deciding the business interference issue, the court found Landowner's claim lacked credibility, and that planting a tree was not an unreasonable interference with Landowner's business. (Trial court op. at 8-15.)

---

[5] Section 25-108(3) provides:

> Any owner may elect to plant or replant trees or to have the Town of Bloomsburg plant or replant the trees required to be planted or replanted by this Part. If the owner elects to plant or replant the trees, they must be planted or replanted within six months of their removal. Upon the failure of the owner to plant or replant the trees within six months of their removal or upon the failure of the owner to comply with the terms of this Part, the Commission may cause shade trees to be planted, replanted, removed, maintained or protected, as the case may be, at the expense of the Town, and thereupon, in the name of the Town, collect the cost of such work from the owners in default as set forth below.

**Discussion**

On appeal,[6] Landowner raises two arguments. First, Landowner contends that the trial court[7] abused its discretion by affirming the decision of the Board because it misapplied section 10 of the Act of October 1, 1981, P.L. 279, 53 P.S. §53860. Second, Landowner contends that the trial court committed an error of law when it affirmed the decision of the Board by requiring the tree to be replanted at his cost.

**Whether the Ordinance Unreasonably Interfered with Landowner's Business**

In a zoning case, the decision of the board must be upheld unless the board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). Discretion is only abused where "findings are not supported by substantial evidence." *Id.* at 640. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

---

[6] Because there is a full record and the trial court did not take additional evidence, our scope of review is limited under 2 Pa. C.S. §754 to review the decision of the local agency rather than the court of common pleas' decision. *Ficco v. Board of Supervisors of Hempfield Township*, 677 A.2d 897, 899 n.4 (Pa. Cmwlth. 1996). This Court should affirm the local agency unless it is shown that "constitutional rights were violated [or], an error of law was committed, that procedure before the agency was contrary to statute or that a necessary finding of fact was unsupported by substantial evidence." *Appeal of McClellan*, 475 A.2d 867, 869 (Pa. Cmwlth. 1984).

[7] As noted above, because the trial court did not take additional evidence, we are bound under 2 Pa. C.S. §754 to review of the local agency's adjudication, not the court of common pleas' decision. Appellant in his brief erroneously alleges errors of the trial court, over which this Court has no scope of review in this instance. However, as the trial court affirmed the decision of the Board, we will review Appellant's arguments as they pertain to the Board's decision.

6

As noted by the trial court, "[t]he Commission is granted 'exclusive custody and control of the shade trees in the incorporated town, and is authorized to plant, remove, maintain and protect shade trees . . . [53 P.S.] §53853." (Trial court op. at 3.) As further noted by the trial court, "[t]he cost of planting and removing shade trees, including sidewalk work is imposed upon abutting real estate owners . . . [53 P.S.] §53856 . . . ." (Trial court op. at 3.) Section 25-107(3)[8] of the Ordinance requires that a permit be obtained before removing a tree. Section 25-108(2)[9] states that "[a]s a condition for granting of a permit as required to remove a shade tree, the commission shall require that the permittee plant at his expense another tree in the place of the one removed." Section 25-108(3) further states that either the owner of the property can elect to plant the tree or require the Commission to replant it, and if he fails to do so within six months the Commission may complete the planting at

_____

[8] Section 25-107(3) provides:

> Permit Required. It shall be unlawful for any person, without first obtaining a permit, to cut, prune, break, climb with spurs, injure in any manner or remove any shade tree, to cut down or interfere in any way with the main roots of any shade tree, to spray with any chemicals or insecticides any tree, to place any rope, guy wire, cable, signs, posters or other fixtures on a tree or tree guard or to injure, misuse or remove any device placed to protect shade trees, except in case of immediate necessity for protection of life or property.

[9] Section 25-108(2) provides:

> As a condition for the granting of a permit as required to remove any shade tree, the Commission shall require that the permittee plant, at his expense, another tree in the place of the one removed. The Commission, in such case, may direct the type, size and location of the tree to be planted and the time within which the work shall be done.

the owner's cost. However, Section 25-201(E) clearly states that the tree shall be replaced in or near the site of the original tree.

As correctly noted by the trial court, section 1 of the enabling statute, 53 P.S. §53851,[10] permits an incorporated town, by ordinance, to establish a shade tree commission which can require the planting and replanting of suitable shade trees. However, section 10 of the enabling statute includes the following limitation, "[t]his section shall not authorize any incorporated town to require the planting or replanting of trees at any point which may interfere with the necessary or reasonable use of any street or abutting property or unreasonably interfere with any business conducted thereon." 53 P.S. §53860.[11] Although this language is not explicitly

---

[10] This section provides:

> An incorporated town may by ordinance establish a commission to be known as the shade tree commission, but in incorporated towns where the council shall not elect by ordinance a shade tree commission council may exercise all the rights and perform the duties and obligations imposed by this act upon the shade tree commission.

53 P.S. §53851

[11] This section provides:

> Any incorporated town may, by ordinance, upon the petition of a majority of the property owners upon any public street thereof, require the planting and replanting of suitable shade trees along and upon the sides of such streets, upon such alignment and at such points as may be designated by such ordinance, by the owners of property abutting the street at the points designated. This section shall not authorize any incorporated town to require the planting or replanting of trees at any point which may interfere with the necessary or reasonable use of any street or abutting property or unreasonably interfere with any business conducted thereon.

53 P.S. §53860

8

included in the Ordinance, the enabling statute makes it clear that the Ordinance must comply with this provision, whether stated or not.

In its April 19, 2018 order, the Board found that the failure to replant the tree was a violation of the Ordinance and ordered Landowner to replace the tree. The Ordinance requires that a tree be replanted in or near the site from which it was removed. However, the enabling statute makes it clear that there is a limitation – the replanting of a tree cannot "unreasonably interfere with any business conducted thereon." 53 P.S. §53860. Landowner argued the tree interfered with his business profits by preventing him from having outside seating and interfered with the visibility of the signage of his business.

In regards to the lost profits issue, Landowner stated that he was aware of the tree when he purchased the business in 2013. While he testified that his business struggled to get by, it functioned for four years until 2017. However, after the tree was taken down, he stated that his business increased and was no longer "scraping [by]." (N.T. at 35.) Other than this testimony, Landowner put forth no further evidence in regards to the purported financial problems his business suffered as a result of the tree. It is significant that Landowner purchased the business and operated successfully for nearly four years. The lack of evidence regarding the alleged interference with his profits prevents us from holding that the Board erred in ordering Landowner to replant the tree.

The same is true for the signage. Landowner testified that the tree blocked his signage. However, Arborist Mullen clearly testified that the tree could be replanted in a different place, a narrow tree could be planted, and it could be appropriately trimmed so as not to interfere with the business.

9

Therefore, without any further evidence by Landowner contradicting this credible testimony, the Board did not abuse its discretion in its application of the statute to uphold the violation.

**Whether the Ordinance Requires the Tree to be Replanted at Landowner's Cost**

Second, Landowner complains that the trial court committed an error of law in affirming the Board's decision requiring the tree to be replanted at his cost. "The rules of statutory construction are applicable to statutes and ordinances alike." *In re Thompson*, 896 A.2d 659, 669 (Pa. Cmwlth. 2006).[12] When the words of the statute are clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *Id.* at 669 (citing Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1921).

Here, both the words of the Ordinance and enabling statute are free and clear of all ambiguity. As stated above, section 25-108(2) of the Ordinance requires that a tree be replanted at the expense of the owner if it is removed. Section 25-108(3) of the Ordinance also explains that either the owner of the property can elect to replant the tree within six months, or the Commission shall be permitted, at the landowner's cost, to replant it if the landowner fails to make an election. Additionally, section 25-201(E) provides that the tree must be replanted "in or near the site" of the original tree. Nevertheless, the Ordinance is limited by the enabling statute, which states "[t]his section shall not authorize any incorporated town to

---

[12] In order for a municipality to enact an ordinance it must be authorized by a statute, and any ordinance not in conformity with its enabling statute is void. *City of Philadelphia v. Schweiker*, 858 A.2d 75 (Pa. 2004); *City of Sunbury v. Karpinski*, 453 A.2d 1062, 1063 (Pa. Cmwlth. 1982).

10

require the planting or replanting of trees at any point which may . . . unreasonably interfere with any business conducted thereon." 53 P.S. §53860. Significantly, pursuant to section 25-201(E), Landowner could have placed it anywhere along his frontage "in or near the site" of the original tree.

In other words, the language of the enabling statute is clear: when a tree is removed, it must to be replanted either by the Commission or the individual property owner,[13] and such replanting cannot unreasonably interfere with a business. Because the record establishes that the tree did not unreasonably interfere with his business, the trial court did not error as a matter of law in affirming the Board's decision requiring the tree to be replanted at Landowner's cost.

It is Landowner's position that the proper course of action is for the Board to undertake the replanting of the tree itself, and seek reimbursement from the landowner. However, the language of the statute is clear. "Upon the failure of the owner to plant or replant the trees within six months of their removal . . . the Commission may cause shade trees to be planted, replanted, removed, maintained, or protected. . . [and] collect the cost of such work from the owners in default." Ordinance §25-108(3). Thus, upon Landowner's failure to replant, the Commission **_may_** replant it if it so wishes at Landowner's expense.

Lastly, although not separately listed as an argument or issue before this Court, Landowner asserts that the standards of the Ordinance permit unbridled government discretion because no criteria is provided regarding when not to replant a tree which has been removed.

---

[13] In this case, Landowner was given the opportunity to find another property owner on Main Street that would accept a donated tree to be planted on its property instead; however, he was unsuccessful.

11

Initially, we recognize that Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa. R.A.P. 2119(a). Arguments that are not developed by providing case law or record evidence are deemed to be waived and we are precluded from addressing such issues. *School District of Philadelphia v. Jones*, 139 A.3d 358, 365 (Pa. Cmwlth. 2016) (citing *In Re Condemnation of Land for Se. Cent. Bus. Dist. Redevelopment Area No. 1*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008)). "'We decline to become substitute counsel for appellant,' and as such, 'we will deem an issue abandoned where it has been identified on appeal but not properly developed in appellant's brief.'" *Aveline v. Pennsylvania Board of Probation and Parole,* 729 A.2d 1254, 1256 n.5 (Pa. Cmwlth. 1999) (citation omitted).

Here, Landowner devotes a single paragraph in his brief to what might appear to be a constitutional argument, namely that the municipal government was left with unbridled discretion, relying on this Court's unpublished decision in *Bassett*. He buttresses this argument by asserting that the Ordinance provides no criteria for deciding a request not to replant a tree that had been removed. However, Landowner does not cite to any constitutional provision allegedly violated, but simply makes a bald assertion that his rights were violated.[14] Because Landowner

---

[14] Contrary to Landowner's argument, the Ordinance does contain criteria for deciding a request not to replant a tree which has been removed.

has not developed his argument sufficiently for this Court to review it, it is waived. Nonetheless, even if we were to address the issue, we agree with the trial court that,

> *Bassett* is not controlling or 'persuasive.' *Bassett* dealt with a denial of an application to remove a shade tree, and the ordinance in *Bassett* contained no criteria by which the local agency could determine whether to grant or deny an application for removal. In this case, [Landowner's] Application for removal was granted and he was notified three (3) times that, as a condition of removing the original tree, he would be required to plant a replacement tree. Further, the Ordinance contains extensive criteria on the removal and replanting of shade trees . . . . The Ordinance is nothing like the bare bones ordinance at issue in *Bassett*.

(Trial court op. at 7-8.) Hence, although we find waiver of any constitutional claim for failure to properly develop the argument pursuant to Pa. R.A.P. 2119, were we to reach the merits of this claim, we agree with the trial court that it is without merit.

## Conclusion

In light of the above, the trial court did not abuse its discretion or commit an error of law in affirming the Board and modifying the order to provide that Landowner would bear the cost of planting a new tree.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Yannone,                   :

              Appellant     :

                      :   No. 1563 C.D. 2018

         v.           :

                      :

The Town of Bloomsburg     :

Code Appeal Board and      :

The Town of Bloomsburg      :

## *O R D E R*

AND NOW, this 2nd day of October, 2019, the order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch, dated October 30, 2018, is hereby affirmed.

_____

PATRICIA A. McCULLOUGH, Judge